Kumar v. Bondi

BIA
Cortes, IJ
A209 157 188

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 2nd day of September, two thousand twenty-five.

PRESENT:
> DEBRA ANN LIVINGSTON,
> > *Chief Judge,*
> STEVEN J. MENASHI,
> EUNICE C. LEE,
> > *Circuit Judges.*

_____

SAWAN KUMAR,
> *Petitioner,*

v.

PAMELA BONDI, UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

_____

23-6569
NAC

FOR PETITIONER:     Suraj Raj Singh, Esq., Richmond Hill, NY.

FOR RESPONDENT:     Brian M. Boynton, Principal Deputy Assistant Attorney General, Civil Division; Bernard A. Joseph, Senior Litigation Counsel; Enitan O. Otunla, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Sawan Kumar, a native and citizen of India, seeks review of a May 3, 2023, decision of the BIA affirming a July 23, 2019, decision of an Immigration Judge ("IJ") denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Sawan Kumar*, No. A 209 157 188 (B.I.A. May 3, 2023), *aff'g* No. A 209 157 188 (Immigr. Ct. N.Y.C. July 23, 2019). We assume the parties' familiarity with the underlying facts and procedural history.

"When the BIA issues an opinion, the opinion becomes the basis for judicial review of the decision of which the alien is complaining." *Singh v. Bondi*, 139 F.4th 189, 196 (2d Cir. 2025) (quoting *Bhagtana v. Garland*, 93 F.4th 592, 593 (2d Cir. 2023)). While we nevertheless review both the IJ's and the BIA's decisions "for the sake of

2

completeness," *Wangchuck v. DHS*, 448 F.3d 524, 528 (2d Cir. 2006), we review the IJ's decision as modified by the BIA, considering only the grounds on which the BIA relied, *Xue Hong Yang v. DOJ*, 426 F.3d 520, 522 (2d Cir. 2005). We review fact-finding, including an adverse credibility determination, "under the substantial evidence standard," and we review questions of law and the application of law to fact de novo. *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018). "[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

"Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on … the consistency between the applicant's or witness's written and oral statements …, the internal consistency of each such statement, [and] the consistency of such statements with other evidence of record … without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim, or any other relevant factor." *Id.* § 1158(b)(1)(B)(iii). "[A]n IJ may rely on *any* inconsistency or omission in making an adverse credibility determination as long as the 'totality of the circumstances' establishes that an asylum applicant is not credible." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008) (quoting 8 U.S.C. § 1158(b)(1)(B)(iii)). "We defer

3

therefore to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Id.*; *accord Hong Fei Gao*, 891 F.3d at 76.

In this case, substantial evidence supports the agency's conclusion that Kumar was not credible. Kumar testified inconsistently between direct and cross-examination and his testimony differed from his own written statement and his father's statement with respect to material issues: how many times he sought assistance from the police and the timing and circumstances of the police officer's threat against him. *See Scarlett v. Barr*, 957 F.3d 316, 328 (2d Cir. 2020) ("To qualify as persecution the conduct at issue must be attributable to the government, whether directly because engaged in by government officials, or indirectly because engaged in by private persons whom the government is unable or unwilling to control.") (internal quotation marks omitted); *see also Singh v. Garland*, 11 F.4th 106, 115-16 (2d Cir. 2021) ("An applicant's allegation that he was persecuted by members of a political party—even one that is in power nationally or … aligned with a party in power nationally—does not establish that the applicant was persecuted by the government. Members of a political party are not the government; for mistreatment inflicted by party members to amount to

4

persecution, an applicant must show that the government was unwilling or unable to control the attackers.") (footnote omitted).

These inconsistencies provide substantial evidence for the adverse credibility determination. *See Likai Gao v. Barr*, 968 F.3d 137, 145 n.8 (2d Cir. 2020) ("[E]ven a single inconsistency might preclude an alien from showing that an IJ was compelled to find him credible. Multiple inconsistencies would so preclude even more forcefully."); *Xian Tuan Ye v. DHS*, 446 F.3d 289, 295 (2d Cir. 2006) ("Because the BIA has identified a material inconsistency in an aspect of [the applicant's] story that served as an example of the very persecution from which he sought asylum, we hold that the inconsistency afforded substantial evidence to support the adverse credibility finding.") (internal quotation marks and citation omitted). Although Kumar attempts to explain the inconsistencies by asserting that he went to the police twice and described only the second, threatening interaction in his written statement, the agency was not compelled to credit the explanation because, until confronted with his application, he did not testify to two visits to the police or allege that the police threatened him, even when asked if they said anything else. *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for his inconsistent

statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony.") (internal quotation marks omitted).

The adverse credibility determination is dispositive because asylum, withholding of removal, and CAT relief are all based on the same factual predicate. *See Hong Fei Gao*, 891 F.3d at 76.

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court